OPINION
{¶ 1} Rhamaud Hull ("Hull") appeals from the judgment of the Ashtabula County Common Pleas Court, which denied his motion to suppress. We affirm.
 {¶ 2} On November 11, 2001, Office John Koski of the Ashtabula Police Department was patrolling the Ashtabula Metropolitan Housing Authority ("AMHA"). Officer Koski saw two men get out of a car in front of the apartment unit. The two men saw Officer Koski and began to walk away quickly. Officer Koski called to the men to stop and both walked away more quickly, and one of the men, Hull, began to run. When Hull refused to stop as repeatedly instructed to, Officer Koski chased him and released his canine partner.
 {¶ 3} Officer Koski rounded a corner of the building and saw his canine partner catch Hull. Officer Koski also saw Hull make a throwing motion toward a shed. Officer Koski called off his canine and arrested Hull for obstructing official business.
 {¶ 4} Officer Koski then searched the area near the shed and found a bag that field-tested positive for cocaine. Officer Koski testified the bag was dry but laying on top of wet leaves.
 {¶ 5} Hull was indicted on one count of possession of crack cocaine, R.C. 2925.11(A) and (C)(4)(b); and one count of tampering with evidence, R.C. 2921.12(A)(1). Hull pleaded not guilty and moved to suppress the evidence seized as a result of his arrest.
 {¶ 6} In support of his motion, Hull argued Officer Koski lacked reasonable suspicion to justify his stop of Hull. Hull argued he was free to refuse Officer Koski's request because it was a consensual encounter, and that refusal to engage in a consensual encounter with a police officer does not give that officer reasonable suspicion to justify a stop. The trial court denied Hull's motion finding that once Hull relinquished possession of the bag by throwing it, Hull lost all constitutional protection concerning the evidence.
 {¶ 7} After the trial court denied his motion to suppress, Hull pleaded no contest to one count of possession of crack cocaine and the trial court dismissed the charge of tampering with evidence.
 {¶ 8} Appellant timely appealed the trial court's denial of his motion to suppress, raising one assignment of error, "The trial court erred when ruling that appellant lost all constitutional protections when he relinquished possession of the crack cocaine by throwing it away."
 {¶ 9} Hull argues the trial court erred in denying his motion to suppress because the trial court never reached the threshold issue of whether Officer Koski's stop of Hull was supported by reasonable suspicion. While the trial court's judgment entry does not directly address this issue, we conclude the stop did not violate Hull's fourth amendment rights.
 {¶ 10} "When considering an appeal of a ruling on a motion to suppress we review the trial court's findings of fact only for clear error and give due weight to inferences the trial judge drew from the facts. We must accept the trial court's factual determinations when they are supported by competent and credible evidence. We determine only whether the findings of fact were against the manifest weight of the evidence. We review the trial court's application of law to those facts de novo and independently determine whether the facts meet the appropriate legal standard." (Internal citations omitted.) State v. Hummel,154 Ohio App.3d 123, 2003-Ohio-4602, ¶ 11.
 {¶ 11} In Illinois v. Wardlow (2000), 528 U.S. 119, the United States Supreme Court held that presence in a high-crime area, coupled with unprovoked flight at the sight of a police officer constituted reasonable suspicion to justify a stop. Id. at 124-125. In reaching this conclusion, the Court stated:
 {¶ 12} "Such a holding is entirely consistent with our decision inFlorida v. Royer, 460 U.S. 491, 75 L. Ed. 2d 229, 103 S. Ct. 1319 (1983),
where we held that when an officer, without reasonable suspicion or probable cause, approaches an individual, the individual has a right to ignore the police and go about his business. Id., at 498. And any `refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure.' Floridav. Bostick, 501 U.S. 429, 437, 115 L. Ed. 2d 389, 111 S. Ct. 2382 (1991).
But unprovoked flight is simply not a mere refusal to cooperate. Flight, by its very nature, is not `going about one's business'; in fact, it is just the opposite. Allowing officers confronted with such flight to stop the fugitive and investigate further is quite consistent with the individual's right to go about his business or to stay put and remain silent in the face of police questioning." See, also, State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 43-55.
 {¶ 13} In the instant case, Officer Koski testified AMHA was known as a high crime area. Upon seeing Officer Koski, Hull and his companion began to walk away quickly. When Officer Koski called to the men, Hull began to run. Such flight, coupled with the location of the encounter gave Officer Koski reasonable suspicion to justify the stop. While Hull was free to go about his business and refuse Officer Koski's request, he did not do so, but fled. As the Court stated in Wardlow, when Hull fled, he was no longer going about his business. For these reasons, we conclude Officer Koski's stop of Hull was supported by reasonable suspicion.
 {¶ 14} Hull does not challenge the trial court's conclusion that he forfeited his right to challenge the admissibility of the evidence once he relinquished control of it by throwing it away. Thus, the judgment of the Ashtabula County Court of Common Pleas denying appellant's motion to suppress is affirmed.
Grendell, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.